## Ex parte JEU HAW BONG.

District Court, W. D. Washington, N. D.
September 18, 1928.

No. 12519.

Daniel Landon, of Seattle, Wash., for applicant.

Anthony Savage, U. S. Atty., and Paul D. Coles, Asst. U. S. Atty., both of Seattle, Wash. (John F. Dunton, U. S. Immigration Service, Seattle, Wash., on the brief), for respondent.

NORCROSS, District Judge. This matter was heard upon the return to an order to show cause why a writ of habeas corpus should not issue.

The application of the petitioner to enter the United States as the adopted son of Jeu Yow, a Chinese merchant residing in the city of St. Louis, was denied by the Board of Special Inquiry of the Immigration Bureau, and on appeal therefrom was dismissed by the Secretary of Labor, and petitioner's return to China directed.

Petitioner relies on a written document claimed to have been delivered to the mother of petitioner at the time of her alleged marriage to Jeu Yow, a translation of which reads:

"I, Lum Lup Jee, have made this agreement because at this time my deceased younger brother left a wife, Sit Shee, and a son, Lum Bong, with no one to take care of or support the two of them. Because my family is poor, it is difficult to support my own family; so I am willing to have my nephew, Lum Bong, go with his mother to the Har Low village, the home of Jew Poo Yip, and be supported by him. Jew Poo Yip is a beneficent man. I thank him for giving me $150 lucky money. Hereafter Sit Shee and Lum Bong, mother and son, will be in the home of Jew Poo Yip for future generations. I will have no further claim whatever because he is our neighbor and friend. I make this agreement for future evidence.

"Dated Republic 12—2—20.

"[Signed]          Lum Lup Jee."

A St. Louis Chinaman, Sit Hom Yuen, made affidavit that the alleged adoption paper is in regular form, and in full compliance with the laws and customs now prevailing in China.

Eng Ning, Chinese interpreter at the Seattle immigration office, testifies that in the vicinity where his family resides in China a witness is required to an adoption paper, and that the document in question is not official.

While counsel for petitioner contends that no weight should be given to the testimony of Eng Ning, because confined to a district other than that of the home of petitioner, the fact appears that the affiant Sit Hom Yuen is not shown to have been possessed of any particular knowledge of the laws and customs of the district in China from whence petitioner came.

The instrument in question is insufficient to show adoption, in the absence of proof of the law or custom of China in relation to adoption. White v. Kwock Sue Lum (C. C. A.) 291 F. 732; Tillinghast v. Chin Mon, 25 F.(2d) 262.

It is contended that weight should be given to the fact that the American consul at Hong Kong gave to the petitioner an immigration visa. Power to determine the question of the admissibility of aliens to the United States is conferred by the immigration laws only on the immigration officials, and is subject to review by the courts only for abuse of discretion or flagrant error.

The petition is denied.